## ONDERDONK *v.* PARKES.

PATENTS; APPEALS; INTERFERENCE; INDEPENDENT CONCEPTION.

1. Unanimous adverse decisions of the tribunals of the Patent Office against one of the parties in an interference impose upon him the burden of clearly showing error therein, on an appeal to this court, in order to obtain a reversal.

2. Where the junior party to an interference claims that he disclosed the invention of the issue to the senior party in a conversation, but the testimony shows clearly that such other party conceived and disclosed the invention before the conversation occurred, it was *held* unnecessary to consider and determine the question of whether the junior party had an independent conception of the invention and disclosed it in such conversation, and priority was awarded to the senior party.

No. 471.   Patent Appeals.   Submitted March 16, 1908.   Decided April 7, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Joseph C. Fraley* and *Mr. Charles L. Sturtevant* for the appellant.

*Mr. William Raimond Baird* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding having the following issue:

"1. In a sewing machine, a series of stitch-forming devices for depositing upon the fabric to be sewed a plurality of rows of over-seam stitches, said stitch-forming devices including a plurality of needles arranged one directly behind the other in the line of the direction of feed, and complemental stitch-forming devices, whereby a plurality of intersecting stitches in the same path may be deposited upon the fabric.

"2. In a sewing machine, a series of stitch-forming devices for depositing upon the fabric to be sewed a plurality of rows of over-seam stitches, said stitch-forming devices including a plurality of laterally vibrating needles arranged one directly behind the other in the line of the direction of feed, and complemental stitch-forming devices, whereby a plurality of intersecting stitches in the same path may be deposited upon the fabric.

"3. In a sewing machine, a series of stitch-forming devices for depositing upon the fabric to be sewed a plurality of rows of over-seam stitches, said stitch-forming devices including a plurality of laterally vibrating needles arranged one directly behind the other in the line of the direction of feed, whereby a plurality of intersecting stitches in the same path may be deposited upon the fabric, and a single under thread carrying looper with means for operating it to cause it to co-operate with said needles.

"4. A sewing machine having a plurality of needles, arranged one behind the other in the line of feed, means for laterally vibrating said needles, and an under thread carrying looper co-operating with said needles, and means for vibrating said looper in unison with the lateral movements of the needles."

The invention of the issue is thus stated by the Examiners-in-Chief:

"The invention relates to an overseaming machine of the button-hole type. It is intended to make zigzag stitches and includes two needles in line lengthwise of the feed and co-operating looper and stitch-forming mechanism. The needles vibrate laterally to make the zigzag stitch. As stated in counts 3 and 4 the device includes a single under thread carrying looper co-operating with the needles, and in this form it is necessary that the looper move in the direction of the feed and vibrate laterally in unison with the needles as stated in count 4. This arrangement of needles, one directly behind the other, permits a longer stitch for each needle and greater speed."

William N. Parkes's application was filed January 6, 1899, and that of Lansing Onderdonk May 13, 1899. Parkes's preliminary statement alleges conception between February 1 and May 1, 1897, disclosure May 1, 1897, and reduction to practice September or October, 1900. Onderdonk's dates, as alleged, are conception, drawings, and disclosure November 15, 1898, with no reduction to practice. Parkes is an inventor of many improvements in sewing machines, and is now president of a company engaged in manufacture. Onderdonk is skilled in the sewing-machine art, and is employed by the Union Special Sewing Machine Company, as an inventor and experimenter. His application is assigned to that company.

Negotiations had been begun between Parkes and the said company early in 1898 looking to the adaptation by Parkes of his button-hole invention to the special machine of the company, at the factory in Chicago. Parkes lived in Brooklyn. The arrangement was perfected, and Parkes went to the factory about January 7, 1899.

It is claimed, on behalf of Onderdonk, that, on November 19, 1898, in the New York office of the company, he got the idea of the two needles operating one behind the other, and communicated the same to Parkes. The idea was suggested to him by Holden's patent for a button-hole device showing two needles abreast, which had just been published in the Official Gazette. Parkes admitted conversation with Onderdonk about the Holden patent, but denied that Onderdonk communicated to him the

two-needle arrangement of the issue.   This he claimed to have invented long before that date.

The Examiner of Interferences found that Onderdonk had the idea of the invention as to the use of the two needles on November 19, 1898, and explained it to Parkes.   He found, also, that Parkes had made the invention and disclosed it to others, as shown in certain drawings made prior to October, 1898, and, therefore, awarded priority to Parkes.

The Examiners-in-Chief were not satisfied that Onderdonk had an independent conception of the invention which he disclosed to Parkes; but they agreed with the Examiner of Interferences that Parkes had conceived and disclosed the invention of the issue before the conversation with Onderdonk, and affirmed his decision.

The Commissioner was also satisfied that Parkes had made the invention before any disclosure by Onderdonk, and, for that reason, held it unnecessary to consider whether Onderdonk had an independent conception of the invention on November 19, 1898.

The unanimity of the tribunals of the Patent Office imposes the burden upon Onderdonk to clearly show error therein in order to obtain reversal of the decision against him.

The entire testimony of the parties, including that showing the relations between Parkes and the Union Special Sewing Machine Company, has been reviewed at length, and with fairness by the several tribunals of the Patent Office in turn.   A careful examination of the whole of the evidences, in the light of the arguments that have been made respecting its credibility and weight, has failed to convince us that there was error in the conclusion that Parkes was in possession of the invention prior to any communication made by Onderdonk.

It would serve no useful purpose to discuss this evidence again, as we could add nothing new to its review in the decision referred to.

As this conclusion is decisive of the question of priority, we deem it unnecessary to consider the question whether Onder-

donk had a complete conception of the invention at the time of his interview with Parkes on November 19, 1898.

The decision will therefore be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents as the law requires.                              *Affirmed.*